## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on Behalf of**
**All Others Similarly Situated**

**PLAINTIFF**

v.                              No. 3:22-cv-65-DPM

**THE LOGAN CENTERS, INC.**                    **DEFENDANT**

### PROTECTIVE ORDER

1.      This Agreed Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person, or entity.

2.      The Protective Order shall govern all materials deemed to be "Confidential Information."  Confidential Information shall include the following:

   a.      "Confidential Documents" shall include any time records, payroll records, reports of hours worked, accounting records concerning payroll, or tax documents representing compensation or withholding.  If the discovery extends further, the parties may also be required to produce identifying information (*e.g.*, social security number, date of birth, or individual compensation information);  and the

parties may designate such information as confidential.

b.    "Confidential Information" shall also include any information provided in disclosures, in response to a written discovery request, or in response to a deposition question that a party, a deponent, or its counsel designates as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

c.    Confidential Documents may include any kind of information, including, but not limited to, information written or recorded on any medium, such as, paper, photographs, recordings, and electronic, optical, and magnetic disks and files.

The parties reserve the right to agree that additional documents be covered by this Order or to seek an Amended or Supplemental Order concerning any documents not currently designated as

confidential.   The parties may agree subsequently to exclude any information or documents from coverage under this Order.

    **3.**    Material that a party deems confidential shall only be disclosed to the following individuals, each of whom must first read this Order and agree to abide by its terms before being given any of the information:

    a.    The named parties in this litigation, including officers and representatives of corporate parties;

    b.    Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

    c.    Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

    d.    Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

    e.    Any other person or entity as to whom counsel for the producer or provider of Confidential Information

agree in writing or on the record, or whom the Court directs shall have access to such information;  and

f.   During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

Non-party witnesses and third parties must sign the Agreement to be Bound by Agreed Protective Order, attached as Exhibit A before receiving Confidential Information or documents.  Any court and its staff working on this case may also review Confidential Information.

**4.**   Documents or information produced by the parties to which this Order is applicable shall be stamped or marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  This designation reflects a good-faith determination by counsel that the material falls within the definition of Confidential Information under this Order.   The production of Confidential Information shall not be construed as an admission or agreement that any specific information is or is not subject to discovery or admissible in evidence.  Nothing in this Order requires the production of any documents or things or constitutes a waiver of objections to the discoverability of documents or things.

- 4 -

5.    The inadvertent, unintentional, or *in camera* disclosure, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to designate the document or information. Any information or documentation that is inadvertently or unintentionally not designated as confidential when produced shall be treated as being designated as confidential under this Order upon written request of the producing party.

6.    Deposition testimony may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," in whole or in part, within fifteen days after receipt of the written transcript by the designating party.  Until that time, all deposition testimony shall be treated as confidential to give counsel an opportunity to designate the deposition testimony as confidential.

7.    If a party receives documents pursuant to a subpoena duces tecum or voluntarily from a third party, that party shall treat the documents as confidential under this Order for fourteen days after they are served or provided to the opposing parties in order to give those parties an opportunity to designate them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

**8.**     Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute.   Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute.  If the parties reach an impasse, they must file a joint report explaining the disagreement.  The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute".  The joint report must not exceed ten pages, excluding the style and signature block.  Each side gets five pages.  The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines.  The parties will alert the law clerk on the case to the joint report's filing.  The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

**9.**     Subject to the Federal Rules of Evidence, any Confidential Information or documents may be offered in evidence at trial or any Court hearing or in support of, or opposition to, a motion.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

**10.** The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal.   If an entire page contains information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," substituting a page marked "Redacted" is an acceptable redaction method.   If redaction is impracticable, a party must move for permission to file any information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and any related motion, brief, or paper containing that material under seal.  The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

**11.** Nothing in this Protective Order shall restrict a producing party from using  its own Confidential Information or documents.

**12.** The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

**13.** In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall

immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.  If either party is subpoenaed or otherwise legally required to disclose Confidential Information, it shall immediately notify the opposing party and provide it with an opportunity to object prior to any disclosure.

14.    This Order does not require the disclosure of protected health information under the Health Insurance Portability and Accountability Act of 1996 and any amendments thereto, or the Privacy Rule, 45 C.F.R. § 160.101 *et seq.*;  nor is this Order intended to conflict with those provisions.  Protected health information includes, but is not limited to, patient identities and any information that may lead to the identification of a patient.  This Order shall not serve as a basis to demand production of any documents or information otherwise protected under HIPAA or the Privacy Rule.

15.    Any individual or entity who becomes a party to this action after the entry of this Order may become a party to this Order by having its counsel sign and date a copy of this Order and filing it with the Court and serving the signed copy upon the other parties to this Order.

16.    This Order may not be otherwise amended in any manner whatsoever except by an agreement in writing signed by counsel of

record for each party, and adopted by Order of this Court while it has jurisdiction.

17.    This Order shall remain in effect for one year after this case ends, including any appeal.  Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.  This Order shall inure to the benefit of and be binding upon the parties and their respective successors, heirs, agents, personal representatives, and assigns.  Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts, along with any copies of those materials.  Alternatively, the parties may destroy the materials and certify to counsel that they have been destroyed.  Counsel for the parties may retain Confidential Information in their files, subject to this Order.

So Ordered.

_D.P.Marshall Jr._

D.P. Marshall Jr.
United States District Judge

_19 october 2023_

- 9 -

AGREED AND APPROVED FOR ENTRY:

Josh Sanford

Sean Short                              Mark Mayfield

SANFORD LAW FIRM, PLLC                  Jeffrey W. Puryear

Kirkpatrick Plaza                       WOMACK PHELPS PURYEAR

10800 Financial Centre Pkwy,            MAYFIELD & MCNEIL, P.A.

Suite 510                               P.O. Box 3077

Little Rock, AR 72211                   Jonesboro, AR 72403-3077

josh@sanfordlawfirm.com                 mmayfield@wpmfirm.com

sean@sanfordlawfirm.com                 jpuryear@wpmfirm.com


By: /s/ Sean Short                      By: /s/ Mark Mayfield

    Counsel for Plaintiffs                  Counsel for Defendant

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, on behalf of himself or herself or as the authorized representative of the entity named below, hereby states that he or she has received a copy of the Agreed Protective Order entered in the matter of *Candie DePriest, Individually and on Behalf of All Others Similarly Situated*, Docket No. 3:22-CV-00065-DPM in the United States District Court for the Eastern District of Arkansas. The undersigned agrees that he or she individually or the entity named below will be bound by the Agreed Protective Order regarding all confidential documents in the above- referenced action. The undersigned further agrees that he or she will not retain any copies of confidential documents in the above-referenced action.

_____          _____

Print Name                                                    Date

_____

Sign Name

_____          _____

Entity                                                           Date

By: _____

_____

Title                                                            **EXHIBIT A**

- 11 -