IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CANDIE DEPRIEST, Individually and on
Behalf of All Others Similarly Situated                              PLAINTIFF

v.                             No. 3:22-cv-65-DPM

LOGAN CENTERS, INC.                                                  DEFENDANT

ORDER

1. Candie Depriest worked as Qualified Behavioral Health Professional for Logan Centers, Inc. for about two and a half years. Logan Centers provides counseling and therapy services at various locations in Eastern Arkansas. Depriest's duties included "providing mental health treatment, contacting patients, attending meetings, scheduling appointments, filling out paperwork, writing notes, and billing." *Doc. 23 at 2.* Logan Centers paid her $26 per billable hour. The parties agree that Logan Center's payroll summary, *Doc. 17-3*, accurately reflects the hours that Depriest billed. *Doc. 23 at 2 & 3.*

Depriest never billed more than forty hours in a single week. But she claims that Logan Centers required her to perform non-billable tasks, too, such as: "waiting between patients, driving between patient locations, attending meetings, and writing required patient notes." *Doc. 1 at 4-5.* She alleges that these unrecorded hours, if accounted for, regularly pushed her workweeks above forty hours. And she says

Logan Centers didn't pay her overtime wages or reimburse her travel costs.

Depriest sues under the Fair Labor Standards Act, 29 U.S.C. §§ 206 & 207, and the Arkansas Minimum Wage Act, ARK. CODE ANN. §§ 11-4-210 & -211. Logan Centers moves for summary judgment. Many of the core facts are undisputed. Where there is a dispute, the Court takes the record in the light most favorable to Depriest. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

2. Some preliminary points. Depriest has abandoned her federal and state minimum-wage claims. *Doc. 22 at 1*. And she implicitly concedes the bulk of her overtime claims.

Depriest separates her overtime claims into three slices: before, during, and after the COVID-19 pandemic. She estimates her weekly "unrecorded and unpaid hours" for each slice. *Doc. 22 at 8*.

- **Pre-pandemic** ............ 45 hours/week from November 2018 to March 2020.

- **Pandemic** .................... 13.5 hours/week from March 2020 to March 2021.

- **Post-pandemic** .......... 22.5 hours/week from March 2021 to her end date.

Depriest doesn't give a specific date in March 2020 or March 2021 on which her unrecorded and unpaid hours shifted. But, even assuming her estimates are accurate, they don't put her over forty hours in any week during the latter two slices of time. During the pandemic,

-2-

the most she billed in a given week was 21.75 hours. *Doc. 17-3 at 3-6.* The additional 13.5 hours she claims would mean she worked 35.25 hours during her busiest week. Post-pandemic, the most she billed in a given week was 8.5 hours. *Doc. 17-3 at 6-7.* The additional 22.5 hours she claims would, likewise, mean she worked 31 hours at her busiest. No reasonable fact-finder could conclude that Depriest worked more than forty hours during these weeks.

    3.    The deep issue is whether there is a genuine dispute of material fact over Depriest's pre-pandemic overtime hours. The parties agree that she was a non-exempt employee under the FLSA. *Doc. 11 at 3.* It's Depriest's burden to show that she "performed work for which [she] was not properly compensated." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (quotation omitted). And she must do so with "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). She has created disputed issues of material fact here.

In her affidavit, Depriest describes the kinds of unpaid work she did each week and gives reasonable time estimates. She says that she "spent about 20 hours per week traveling to client sessions prior to March of 2020." *Doc. 22-1 at 2.* For each client, she estimates "about 30 minutes" spent on pre-appointment work and "about 30 minutes" spent on post-appointment work. *Doc. 22-1 at 3-4.* And she says that

she spent about fifteen minutes on the phone with each client, each week, "usually regarding appointment scheduling, appointment reminders, answering questions raised during appointments, or generally following up on issues raised in appointments." Doc. 22-1 at 4. These aren't the kind of vague or conclusory estimates unrooted in specifics that would not support a judgment and would therefore entitle Logan Centers to prevail as a matter of law. Compare Rapp v. Network of Community Options, Inc., 3 F.4th 1084, 1086-87, 1086 nn.3 & 4 (8th Cir. 2021); Holoway, 771 F.3d at 1059-60.

To be sure, some of Depriest's estimates are imprecise and, at times, inconsistent. But the Court doesn't weigh credibility on summary judgment. Grage v. Northern States Power Co.-Minnesota, 813 F.3d 1051, 1056 (8th Cir. 2015). The fact-finder needs to see and hear the witnesses, on direct and cross examination, to discern the truth. Taking all disputed facts, and making all reasonable inferences, in Depriest's favor, there are trial-worthy issues on her pre-pandemic overtime claims.

**4.** Depriest's AMWA claim for overtime echoes her FLSA claim. E.g., Helmert v. Butterball, LLC, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011). Her AMWA claim for pre-pandemic overtime hours goes forward, too.

\* \* \*

Logan Center's motion for summary judgment, *Doc. 18*, is partially granted and partially denied. Depriest's minimum wage claims will be dismissed with prejudice. So will her overtime claims for hours worked during and after the pandemic. The fact-finder will decide her pre-pandemic overtime claims.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 January 2024