IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on
Behalf of All Others Similarly Situated**                               **PLAINTIFF**

v.                              3:22-cv-65-DPM

**LOGAN CENTERS, INC.**                                                **DEFENDANT**

### AMENDED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment......................................................**passed**

- Discovery cutoff ..............................................................**passed**

- Dispositive and motions to certify due .........................**passed**

- Joint status report, including settlement conference request, due.............**21 February 2024**

- Deposition designations exchanged[1]...................**19 July 2024**

- Motions in limine due....................................**21 August 2024**

- Local Rule 26.2 pre-trial disclosure sheets due ................................**20 September 2024**

- Joint report on deposition designation disputes (if any)..........................................**20 September 2024**

---

[1] Note and follow the procedure specified *infra*.

- Trial briefs due..........................................**20 September 2024**

- Stipulations on background facts due.....**20 September 2024**

- Bench Trial, Jonesboro Courtroom 324 ........**21 October 2024**

- **Discovery Disputes.**   Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel.  Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement.  File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages.  Do not file a motion asking for more pages.  Use double spacing and avoid footnotes.  Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information.  File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing.  Alert the law clerk on the case to the joint report's filing.  If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Deposition Designations.**   The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial.  If the parties nonetheless need to use deposition testimony, then they must use the following procedure.  Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations.   As soon as practicable thereafter,

counsel must meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible. Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before the trial starts. Please also include an electronic copy, plus (on the Court's forms) the exhibit and witness lists.

- **Courtroom Technology.** Before any pretrial, and as soon as practicable before any hearing, counsel should contact the courtroom deputy about technology needs. She will coordinate with the Court's IT department. Any plan for use of non-Court technology must be approved by the IT department.

- **Pre-Trial Hearing.** It will be set by a separate notice. We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.** Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel

should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.  In the event of settlement, advise Sherri Black immediately.

**AT THE DIRECTION OF THE COURT**
**TAMMY H. DOWNS, CLERK**

By:   <u>**Sherri Black**</u>
         Courtroom Deputy to
         Judge D. P. Marshall Jr.

<u>22 January 2024</u>