IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 3:22-cv-65-DPM

**THE LOGAN CENTERS, INC.**     **DEFENDANT**

### PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Candie Depriest, by and through her attorneys of the Sanford Law Firm, PLLC, for her Pretrial Disclosure Sheet does hereby state as follows:

**1. Identity of the party submitting information.**

Plaintiff Candie Depriest, by and through her attorneys of the Sanford Law Firm, PLLC.

**2. Names, addresses, and telephone numbers of all counsel for the parties.**

Josh Sanford and Sean Short of the Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: (888) 787-2040, Email: josh@sanfordlawfirm.com; sean@sanfordlawfirm.com..

**3. A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq.*, for unpaid overtime wages.  The FLSA requires employers to pay each employee for all hours

worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Similarly, during the time period at issue in this lawsuit, the AMWA required employers to pay each employee for all hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he or she is employed." A.C.A. § 11-4-211.  Plaintiff seeks to recover damages in the form of unpaid overtime wages, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and A.C.A. § 11-4-218.

4. **Prospects for settlement.**

The Parties, through counsel, have discussed the possibility of settlement, and are having productive negotiations. Settlement prior to trial remains a possibility.

5. **The basis for jurisdiction and objections to jurisdiction.**

Plaintiff seeks relief under the FLSA, 29 U.S.C. § 201 *et seq*. Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. The acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Eastern District. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff knows of no objections to jurisdiction or venue.

6. **A list of pending motions.**

None.

7. **A concise summary of the facts.**

Defendant The Logan Centers, Inc., is domestic for-profit corporation, organized and conducting business under the laws of the State of Arkansas. The Logan Centers provides mental health services at several locations in Northeast Arkansas. Plaintiff

worked for Defendant as an hourly-paid Qualified Behavioral Health Professional ("QBHP") from November 12, 2018, until July 12, 2021.

Plaintiff alleges that The Logan Centers failed to pay her time-and-a-half for all her hours worked in excess of 40 per workweek. Specifically, from November of 2018 until March of 2020, Plaintiff worked approximately 45 unrecorded and unpaid hours per week. This estimate is composed of one hour of travel time per client per week (20 hours), 30 minutes of pre-appointment prep work per client per week (10 hours), 30 minutes of post-appointment work per client per week (10 hours), and 15 minutes of client phone calls per client per week (5 hours). Plaintiff also worked an additional unpaid 16 hours during this time attending mandatory meetings. The amount of off-the-clock work will be a contested issue at trial. To support her estimates, Plaintiff will rely on her own recollections and on records of the many times she logged into Defendant's online systems late in the evening.

**8.    All proposed stipulations.**

   (1)   Defendant The Logan Centers, Inc., is a domestic for-profit corporation, organized and conducting business under the laws of the State of Arkansas.

   (2)   Defendant is an enterprise subject to the requirements of the FLSA and the AMWA.

   (3)   Defendant employed Plaintiff within the period starting three years before the filing of this lawsuit.

   (4)   Plaintiff anticipates that the Parties will be able to stipulate to her dates of employment and pay rate.

    (5)    Plaintiff anticipates that the Parties will be able to stipulate to the authenticity and admissibility of most or all exhibits.

**9.    The issues of fact expected to be contested.**

(1) The number of hours worked by Plaintiff.

(2) The number of overtime hours worked by Plaintiff.

**10.    The issues of law expected to be contested.**

(1) The amount of damages owed to Plaintiff.

(2) Whether Defendant had a good faith belief and a reasonable basis for believing that it was paying Plaintiff in compliance with the FLSA. *See* 29 U.S.C. § 260.

(3) Whether Defendant's violations of the FLSA were willful, such that a three-year statute of limitations should apply under 29 U.S.C. § 255(a).

**11.    A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer the following exhibits:

- Payroll Records of Plaintiff;
- Defendant's records reflecting dates and times that Plaintiffs logged into Defendant's online record-keeping systems;
- Spreadsheets reflecting Plaintiff's Damage calculations; and

- Memoranda from Defendant reflecting its time and pay policies.

Plaintiff may offer as exhibits:

- Any and all exhibits listed in Defendant's Pretrial Disclosures; and
- Any and all documents exchanged by the Parties in this case.

**12.  The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call herself, who may be contacted through counsel.

Plaintiff may call Shannon Sherman or any other person who is present at trial as a representative of or witness for Defendant.

**13.  The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14.  An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in one day. The proposed stipulations in paragraph 8 above are offered in order to expedite the disposition of the action.

Respectfully submitted,

**PLAINTIFF CANDIE DEPRIEST**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawifrm.com