IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 3:22-cv-65-DPM

**THE LOGAN CENTERS, INC.**            **DEFENDANT**

**JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT**

Plaintiff Candie Depriest, and Defendant The Logan Centers, Inc. ("Defendant"), by and through their undersigned counsel, submit the following for their Joint Motion for Approval of Liability Settlement:

1. Plaintiff Candie Depriest initiated this action on 15 March 2022. ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"). *Id.* Plaintiff, individually and on behalf of all others similarly situated, alleges she was not compensated for all hours worked, including overtime, in that Defendant only paid Plaintiff and others similarly situated for the hours to which they billed Defendant's patients. *Id.*

2. Defendant disputes that Plaintiff was not properly compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed.

3. Plaintiff moved for conditional certification on 29 April 2022. ECF No. 6. On 31 May 2022, the motion for conditional certification was denied without prejudice as

premature. ECF No. 8. Plaintiff never renewed her motion for conditional certification after that.

4. On 1 March 2023, Defendant moved for summary on the basis that Plaintiff cannot put forward evidence of more than 40 hours worked per week. ECF No. 18.

5. On 19 January 2024, the Court dismissed Plaintiff's minimum wage claims with prejudice as well as Plaintiff's claims for hours worked during and after the pandemic. The Court denied summary judgment as to Plaintiff's pre-pandemic overtime claims. ECF No. 34.

6. Following the Court's Order on Summary Judgment, the Parties entered into settlement negotiations, and the Parties ultimately reached a settlement as to Plaintiff's liability claims.

7. The Parties have memorialized their liability settlement within their Settlement Agreement and Release ("Agreement") which resolves all Plaintiff's claims in this lawsuit as to liability. A copy of the Agreement is attached hereto as Exhibit 1.

8. To ensure the Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. 27 Apr. 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of

Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

9. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows negotiations conducted at arm's length, including the review of time and pay records, by experienced counsel representing both parties. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

10. To arrive at her estimated damages, Plaintiff's counsel reviewed the amount Plaintiff was paid every two weeks, the number of hours Plaintiff was recorded to have billed, along with an estimated number of hours of off-the-clock work performed per week and a multiplier of 1.5. To arrive at its estimate of potential damages, Defendant reviewed the payroll records including weekly billings, paid leave and the electronic audit trail of time logged in the electronic medical records system.

11. A review of the records established that Plaintiff would need to prove that she worked more than 20 hours per week off-the-clock in most weeks in order to establish any overtime hours and that she would need to prove between 20 and 11.5

hours of off-the-clock work in all but one week in order to have a claim for unpaid overtime.

12. Following the Court's Order on Summary Judgment, Plaintiff was also left with potential overtime claims for the third year of the statute of limitations only. Therefore, even if Plaintiff could establish the amount of off-the-clock work necessary to prove overtime damages, she would still have the burden of establishing Defendant acted willfully in order to recover.

13. Plaintiff's counsel evaluated the likelihood of establishing the amount and extent of off-the-clock work required to prove damages as well as the evidence required to prove willfulness to guide settlement discussions. Because both factors weighed heavily against Plaintiff, a significant reduction from what would be Plaintiff's best day in court was warranted. As such, the ultimate settlement amount was a reasonable compromise.

14. The Parties have not resolved the attorneys' fees issues. Plaintiff will file a petition for fees and costs within 30 days of the entry of an Order approving the Agreement, if the Parties are unable to agree to an amount before then.

15. This Agreement resolves Plaintiff's liability claims remaining before the Court. Accordingly, following the Court's approval of their settlement, Plaintiff and Defendant jointly seek dismissal, with prejudice, of the Plaintiff's liability claims.

WHEREFORE, Plaintiff and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Liability Settlement, dismiss Plaintiff's liability claims with prejudice, retain jurisdiction for the purpose of enforcing the terms of their

settlement and for purposes of resolving the outstanding issue of attorneys' fees and costs, and for all other necessary and proper relief.

          Respectfully submitted,

          **PLAINTIFF CANDIE DEPRIEST**

          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Pkwy., Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          Sean Short
          Ark. Bar No. 2015079
          sean@sanfordlawfirm.com

          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawifrm.com

**and**    **DEFENDANT THE LOGAN CENTERS, INC.**

          WOMACK PHELPS PURYEAR
          MAYFIELD & McNEIL, P.A.

          P.O. Box 3077
          Jonesboro, Arkansas 72403
          Telephone: (870) 932-0900
          Facsimile: (870) 932-2553

          */s/ Mark Mayfield (w/permission)*
          Mark Mayfield
          Ark. Bar No. 93180
          mmayfield@wpmfirm.com

          Jeffrey W. Puryear
          Ark. Bar No. 93109
          jpuryear@wpmfirm.com