# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on**

**Behalf of All Others Similarly Situated**            **PLAINTIFF**

**V.**            CASE NO. 3:22-CV-65-DPM

**THE LOGAN CENTERS, INC.**            **DEFENDANT**

## EXHIBIT A

# Table of contents

☑ **1. Recommendations**
    **A. Objections to the Fee Request.**
        Cases (4)
        Briefs & Memoranda (0)
        Secondary Sources (2)
    **B. The Lodestar Amounts**
        Cases (5)
        Briefs & Memoranda (0)
        Secondary Sources (2)

⚑ **2. Warnings for cited authority**
    Cases (6)
    Trial Court Orders (0)
    Statutes (0)
    Regulations (0)
    Secondary Sources (0)
    Administrative Decisions & Guidance (0)
    Unverified citations (0)

❝ **3. Quotation analysis**
    Quotations (3)
    Unverified citations (0)

☰ **4. Table of authorities**
    Cases (13)
    Trial Court Orders (0)
    Statutes (0)
    Regulations (0)
    Secondary Sources (0)
    Administrative Decisions & Guidance (0)
    Unverified citations (0)

# ☑ 1. Recommendations

Quick Check uses Artificial Intelligence to analyze the document for arguments and facts to uncover relevant case law. Recommendations contains cases and other materials relevant to the issues in the analyzed document but that were not cited in it.

## A. Objections to the Fee Request.

**Cases (4)**

1. **Brown v. Trinity Property Management, LLC**

United States District Court, E.D. Arkansas, Central Division. • March 29, 2023 • Not Reported in Fed. Supp. • 2023 WL 2715022

Last 2 years

**Case details**
**Motion type:** Motion for costs
**Movant at trial level:** Plaintiff

This was an ordinary FLSA case. The Court finds that $15,587.50 of attorneys fees is reasonable. No further reduction or enhancement is necessary, even if the Johnson factors are considered. A $15,587.50 attorneys fee is not so out of proportion to a $13,669.37 settlement recovery to raise red flags under Johnson or cases that emphasize the significance of the amount of recovery to a fee determination.

2. **Huey v. Trinity Property Management, LLC**

United States District Court, E.D. Arkansas, Central Division. • March 29, 2023 • Not Reported in Fed. Supp. • 2023 WL 2715271

Last 2 years

**Case details**
**Motion type:** Motion for costs
**Movant at trial level:** Plaintiff

This was an ordinary FLSA case. The Court finds that $8,807.50 of attorneys fees is reasonable. No further reduction or enhancement is necessary, even if the Johnson factors are considered. An $8,807.50 attorneys fee is not so out of proportion to a $6,957.45 settlement recovery to raise red flags under Johnson or cases that emphasize the significance of the amount of recovery to a fee determination.

3. **Mitchell v. Brown's Moving & Storage, Inc.**

United States District Court, E.D. Arkansas, Central Division. • March 29, 2023 • Not Reported in Fed. Supp. • 2023 WL 2715027

Last 2 years

**Case details**
**Motion type:** Motion for costs
**Movant at trial level:** Plaintiff

Mr. Sanford claims 0.7 hours related to a category entitled Complaint/Summons/Service. This includes time spent editing, revising, and finalizing the Complaint, and examining Brown's Answer to the Complaint. Brown's argues that the total time SLF claims for this work in both Mitchell (5.9 hours) and Liles (3.0 hours) is excessive. First, Brown's argues that in a prior case, Bonds v. Langston Companies, Inc. , this Court found that 1.4 hours was reasonable for such work. Second, Brown's argues that the Liles complaint was essentially a verbatim copy of the Mitchell complaint.

4. **Rodriguez v. George's, Inc.**

United States District Court, W.D. Arkansas, Fayetteville Division.   •   March 23, 2021   •   Not Reported in Fed. Supp.   •   2021 WL 1115530

**Case details**
**Motion type:** Motion for costs
**Movant at trial level:** Plaintiff

Josh Sanford has provided the Court his declaration asserting that he is a licensed attorney practicing primarily in the United States District Courts of Arkansas. ECF No. 59-2. Mr. Sanford states he is familiar with customary and reasonable fees of attorney's practicing in this District. He states the hourly rates requested by himself and Ms. Kinney are reasonable. Mr. Sanford has previously been awarded the hourly rate of $300.00 in this District.

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

1. **§ 5:56. Remedies—Costs and attorney's fees**
   November 11, 2024   •   LELCL § 5:56

2. **B. Recovery of Attorney Fees**
   June 04, 2024   •   FEDCIVEV CH 19-B

## B. The Lodestar Amounts

### Cases (5)

1. **Paris School District v. Harter**
   United States Court of Appeals, Eighth Circuit.   •   June 28, 2018   •   894 F.3d 885   •   2018 WL 3151459

   **Case details**
   **Motion type:** Motion for extension of time

   **Appellate level outcome:** Upheld trial court's decision

   > **Outcome:** District court did not abuse its discretion in reducing amount of hours on which mother's attorney fee request was based

   A district court is in a much better position to make the appraisal of the lodestar on a motion for attorney fees than is an appellate court.

   District court did not abuse its discretion in reducing amount of hours on which attorney fee request of student's

mother in IDEA action was based; district court explained that based on its knowledge, experience, expertise that seven days that mother took to complete due process hearing before state department of education was excessive because hearing was far less complex than litigation completed in less time, and state department of education's regulation stated that such hearings in general last no longer than three days. Individuals with Disabilities Education Act S 615, 20 U.S.C.A. S 1415(i)(3)(B).

> **This Recommendation relates to cases already cited in the analyzed document**
>
> Skender v. Eden Isle Corporation 33 F.4th 515
>
> Burton v. Nilkanth Pizza Inc. 20 F.4th 428

## 2. Wolfe v. Affordable Rooter Service, LLC

United States District Court, E.D. Arkansas, Central Division. • March 30, 2022 • Not Reported in Fed. Supp. • 2022 WL 2352364

**Case details**
**Motion type:** Motion for costs
**Movant at trial level:** Plaintiff

As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated. In this case, the requested hourly rates for the attorneys and law clerk exceed the prevailing market rate. Judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys. Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following hourly rates to be reasonable: $250 for Sanford and Stiritz; $175 for Hamlet, Kinney, and Rauls; $125 for Brown and Lowery; $100 for any Paralegal; and $25 for any Law Clerk. The Court rejects any billing related to Staff.

> **This Recommendation relates to cases already cited in the analyzed document**
>
> Skender v. Eden Isle Corporation 33 F.4th 515
>
> Burton v. Nilkanth Pizza Inc. 20 F.4th 428

## 3. Blackorby v. BNSF Railway Company

United States Court of Appeals, Eighth Circuit. • February 16, 2023 • 60 F.4th 415 • 2023 WL 2028706

**Case details**
**Motion type:** Motion for attorney's fees

Determining an award of attorney fees often begins with the "lodestar method," which is meant to produce an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.

Where a plaintiff achieved only limited success, the district court should award only that amount of attorney fees that is reasonable in relation to the results obtained.

**This Recommendation relates to cases already cited in the analyzed document**

Skender v. Eden Isle Corporation 33 F.4th 515

Burton v. Nilkanth Pizza Inc. 20 F.4th 428

### 4. Beckler v. Rent Recovery Solutions, LLC

United States Court of Appeals, Eighth Circuit.   •   October 05, 2023   •   83 F.4th 693   •   2023 WL 6471671

🕐 Last 2 years

**Case details**
**Motion type:** Motion for attorney's fees

**Appellate level outcome:** Upheld trial court's decision

**Movant at trial level:** Plaintiff

> ⚖ **Outcome:** The Court of Appeals, Loken, Circuit Judge, held that District Court did not abuse discretion in determining 50 hours attorneys claimed to have worked was unreasonable or finding 50% reduction of claimed fees was appropriate.

Court of Appeals reviews for abuse of discretion district court's award of attorneys' fees.

District Court, in determining attorneys' fees award for consumer, who had accepted debt collector's offer of judgment and reasonable attorneys' fees in action alleging violation of Fair Debt Collection Practices Act (FDCPA), did not abuse discretion in determining 50 hours attorneys claimed to have worked was unreasonable or finding 50% reduction of claimed fees was appropriate, even though attorneys argued court departed from lodestar calculation; court found claimed rates were reasonable and consistent with rates in community, and it then concluded many hours attorneys purportedly spent on pre-complaint research and communicating with each other were excessive or redundant, noting complaint asserted few facts and only one legal claim, and case was factually and legally straightforward. Consumer Credit Protection Act S 809, 15 U.S.C.A. SS 1692e(8), 1692g(a), 1692g(b); Fed. R. Civ. P. 68(a).

**This Recommendation relates to cases already cited in the analyzed document**

Skender v. Eden Isle Corporation 33 F.4th 515

Burton v. Nilkanth Pizza Inc. 20 F.4th 428

### 5. Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC

United States Court of Appeals, Eighth Circuit.   •   February 09, 2024   •   93 F.4th 408   •   2024 WL 504589

🕒 Last 2 years

**Case details**
**Motion type:** Motion for attorney's fees

**Trial level outcome:** Motion granted
**Appellate level outcome:** Reversed trial court's decision

⚖ **Outcome:** Remand of attorney fee award was required due to district court's failure to calculate a lodestar

In awarding attorney fees, court should calculate the reasonable hourly rate and the reasonable number of hours worked and use these two variables to calculate the lodestar.

District court's failure to calculate lodestar prevented Court of Appeals' determination that award of attorney fees to lender in its fraudulent transfer action against transferees of assets of borrower against whom lender obtained judgment was reasonable, thus requiring vacatur of award and remand for calculation of lodestar; while lender provided district court with lodestar charts and other information, district court never set forth its lodestar prior to considering additional factors in calculating attorney fee award. Mo. Ann. Stat. S 428.039.

**This Recommendation relates to cases already cited in the analyzed document**

Skender v. Eden Isle Corporation 33 F.4th 515

Burton v. Nilkanth Pizza Inc. 20 F.4th 428

## Briefs & Memoranda (0)

No briefs and memoranda recommendations provided for this heading, but please review cases and secondary sources for additional recommendations.

## Secondary Sources (2)

1. **§ 5:144. Class/collective actions—Settlement, fairness hearing**
   November 11, 2024  •  LELCL § 5:144

2. **§ 5:56. Remedies—Costs and attorney's fees**
   November 11, 2024  •  LELCL § 5:56

## 🚩 2. Warnings for cited authority

Verify that the authority cited within the analyzed document are still good law. Quick Check runs a full KeyCite check on all the citations imported from the document and displays any potential issues.

## Summary

| Treatment | 🚩 Severely negative | ⚠ Overruling risk | 🚩 Negative | 🚩 Pending appeal | No KeyCite treatment |
|---|---|---|---|---|---|
| **Cases (6)** | 0 | 0 | 1 | 0 | 5 |
| **Regulations (0)** | 0 | 0 | 0 | 0 | 0 |
| **Statutes (0)** | 0 | 0 | 0 | 0 | 0 |
| **Trial Court Orders (0)** | 0 | 0 | 0 | 0 | 0 |
| **Secondary Sources (0)** | 0 | 0 | 0 | 0 | 0 |
| **Administrative Decisions & Guidance (0)** | 0 | 0 | 0 | 0 | 0 |

## Cases (6)

🚩 **1. Crues v. KFC Corp.**
United States Court of Appeals, Eighth Circuit. • July 16, 1985 • 768 F.2d 230 • 1985 WL 13
📅 10+ years

**Depth of discussion** ▰▰▱  Cited

> Disagreed With by **Alflex Corp. v. Underwriters Laboratories, Inc.** 9th Cir.(Cal.) September 13, 1990 ...added).FN5.Rule 45(c) provides in pertinent part:A subpoena may be served by the marshal, by a deputy marshal, or by any other person who is not a party and is not less than 18 years of age FN6. We recognize that the Eighth Circuit held differently in **Crues v. KFC Corp., 768 F.2d 230 (8th Cir.1985)** There, the court held that the prevailing party could not recover costs for use of a special process server because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.'' **Id. at 234** However, we find the reasoning in...

Negative treatment:    Most recent    Distinguished (0)    All (10)

**2. Holmes v. Stetson Courier, Inc.**
United States District Court, E.D. Arkansas, Central Division. • December 15, 2023 • Not Reported in Fed. Supp. • 2023 WL 8700971
🕸 Infrequently cited

**Depth of discussion** ▰▰▱  Cited

**3. Thomas v. Viskase Companies, Inc.**

United States District Court, E.D. Arkansas, Northern Division. • May 10, 2022 • Not Reported in Fed. Supp. • 2022 WL 1477435

Infrequently cited

**Depth of discussion**  Mentioned

**4. Bailey v. Jefferson County, Arkansas**

United States District Court, E.D. Arkansas, Central Division. • October 18, 2021 • Not Reported in Fed. Supp. • 2021 WL 4849077

Infrequently cited

**Depth of discussion**  Cited

**5. Wright v. Tyler Technologies, Inc.**

United States District Court, E.D. Arkansas, Central Division. • September 17, 2021 • Not Reported in Fed. Supp. • 2021 WL 4255287

Infrequently cited

**Depth of discussion**  Mentioned

**6. Ghess v. Kaid**

United States District Court, E.D. Arkansas, Delta Division. • August 31, 2021 • Not Reported in Fed. Supp. • 2021 WL 3891561

Infrequently cited

**Depth of discussion**  Cited

# Trial Court Orders (0)

# Statutes (0)

# Regulations (0)

# Secondary Sources (0)

# Administrative Decisions & Guidance (0)

**Unverified citations (0)**

## 3. Quotation analysis

Use Quotation analysis to compare quotations and surrounding context from the analyzed document to the language in the cited documents on Westlaw.

Key: differences

1. | **Quotation from the analyzed document** | **Skender v. Eden Isle Corporation** |
   | --- | --- |
   | | United States Court of Appeals, Eighth Circuit. • May 04, 2022 |
   | | 33 F.4th 515 |
   | ...an hour for Mr. Sanford, $175 an hour for Mr. Ford, $170 an hour for Rebecca Matlock, and $100 for the paralegal. 2023 W.L. 8700971 (E.D. Ark. Dec. 15, 2023) . The Logan Centers opposes a lodestar of $383 for Mr. Sanford. Further, in Skender, 33 F.4th at 522 , the Eighth Circuit was clear that: | ...court concluded that its lodestar calculation of $648.10 resulted in an unreasonably high fee in the circumstances. If it had decided on a higher lodestar amount, as Skender suggests it should have, then, a fortiori, the court would have considered that higher amount to be too high as well. |
   | " "[t]hough we have held that a court must calculate the lodestar, see Vines, 9 F.4th at 856, we've not held that a court must deem the lodestar amount reasonable and then award it." | " Though we have held that a court must calculate the lodestar, see Vines, 9 F.4th at 856, we've not held that a court must deem the lodestar amount reasonable and then award it. |
   | The Logan Centers requests that the court consider the argument in this brief and reduce the lodestar rate. III. Costs Plaintiff seeks to recover $492.30 in costs for private process server fees. Crues vs. KFC does not allow such. 768 F.2d 230, 234 (8th Cir. 1985) . In Carden, the Court... | Finally, Skender disputes that an award of one dollar was reasonable. As we've said before, "[t]he trial court knows the case best. It knows what the lawyers have done, and how well they have done it. It knows what these efforts are worth." See Young v. City of Little Rock, 249 F.3d 730, 737 (8th... |

2. | **Quotation from the analyzed document** |

...wage claim. On January 19, 2024, the Court granted Partial Summary Judgment for workweeks from March of 2020 to March of 2021 and March of 2021 to Ms. DePriest's end dates. The Court denied Summary Judgment from November 2018 to March of 2020. The Court observed that Ms. DePriest's estimates were



> "imprecise and at times inconsistent"

Quick Check was unable to match this quotation to authority on Westlaw.

(Doc. 34, p. 4). The Court found in part that "she has created disputed issues of material fact here." (Doc. 34, p. 3). This left a dispute for trial for roughly fifteen (15) months of possible overtime. Discovery in this case was sparse. The costs of settling were less than the costs of trial. ...

3. **Quotation from the analyzed document**

...from March of 2020 to March of 2021 and March of 2021 to Ms. DePriest's end dates. The Court denied Summary Judgment from November 2018 to March of 2020. The Court observed that Ms. DePriest's estimates were "imprecise and at times inconsistent" (Doc. 34, p. 4). The Court found in part that



> "she has created disputed issues of material fact here."

Quick Check was unable to match this quotation to authority on Westlaw.

(Doc. 34, p. 3). This left a dispute for trial for roughly fifteen (15) months of possible overtime. Discovery in this case was sparse. The costs of settling were less than the costs of trial. So, the parties reached an agreement on October 2, 2024 to pay $2,500.00, designating half of that...

**Unverified citations (0)**

## ☰ 4. Table of authorities

Table of authorities contains the full list of all the authority cited in the document. Use this to quickly review all the cited authority in a document.

## Cases (13)

**1.  Bailey v. Jefferson County, Arkansas**

United States District Court, E.D. Arkansas, Central Division.   •   October 18, 2021   •   Not Reported in Fed. Supp.   •   2021 WL 4849077

**Depth of discussion**   Cited

**2.  Bryan v. Mississippi County, Arkansas**

United States District Court, E.D. Arkansas, Northern Division.   •   May 12, 2020   •   Not Reported in Fed. Supp.   •   2020 WL 9048650

**Depth of discussion**   Cited

**3.  Burton v. Nilkanth Pizza Inc.**

United States Court of Appeals, Eighth Circuit.   •   December 15, 2021   •   20 F.4th 428   •   2021 WL 5912319

**Depth of discussion**   Cited

**4.  Crues v. KFC Corp.**

United States Court of Appeals, Eighth Circuit.   •   July 16, 1985   •   768 F.2d 230   •   1985 WL 13

**Depth of discussion**   Cited

**5.  Ghess v. Kaid**

United States District Court, E.D. Arkansas, Delta Division.   •   August 31, 2021   •   Not Reported in Fed. Supp.   •   2021 WL 3891561

**Depth of discussion**   Cited

**6.  Hill-Smith v. Silver Dollar Cabaret, Inc.**

United States District Court, W.D. Arkansas, Fayetteville Division.   •   August 14, 2020   •   Not Reported in Fed. Supp.   •   2020 WL 4741917

**Depth of discussion**   Cited

**7.  Holmes v. Stetson Courier, Inc.**

United States District Court, E.D. Arkansas, Central Division.   •   December 15, 2023   •   Not Reported in Fed. Supp.   •   2023 WL 8700971

**Depth of discussion**   Cited

### 8. Oden v. Shane Smith Enterprises

United States District Court, E.D. Arkansas, Central Division.   •   December 16, 2020   •   Not Reported in Fed. Supp.   •   2020 WL 8073626

**Depth of discussion**   Cited

### 9. Oden v. Shane Smith Enterprises, Inc.

United States Court of Appeals, Eighth Circuit.   •   March 03, 2022   •   27 F.4th 631   •   2022 WL 619159

**Depth of discussion**   Cited

### 10. Skender v. Eden Isle Corporation

United States Court of Appeals, Eighth Circuit.   •   May 04, 2022   •   33 F.4th 515   •   2022 WL 1395442

**Depth of discussion**   Cited

### 11. Thomas v. Viskase Companies, Inc.

United States District Court, E.D. Arkansas, Northern Division.   •   May 10, 2022   •   Not Reported in Fed. Supp.   •   2022 WL 1477435

**Depth of discussion**   Mentioned

### 12. Vines v. Welspun Pipes Inc.

United States Court of Appeals, Eighth Circuit.   •   August 18, 2021   •   9 F.4th 849   •   2021 WL 3640219

**Depth of discussion**   Cited

### 13. Wright v. Tyler Technologies, Inc.

United States District Court, E.D. Arkansas, Central Division.   •   September 17, 2021   •   Not Reported in Fed. Supp.   •   2021 WL 4255287

**Depth of discussion**   Mentioned

## Trial Court Orders (0)

## Statutes (0)

**Regulations (0)**

**Secondary Sources (0)**

**Administrative Decisions & Guidance (0)**

**Unverified citations (0)**