IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CANDIE DEPRIEST, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

V.                                    CASE NO. 3:22-CV-65-DPM

**THE LOGAN CENTERS, INC.**                                    **DEFENDANT**

### MEMORANDUM BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES

**I.    INTRODUCTION**

Ms. DePriest filed a collective action seeking overtime and minimum wages on March 15, 2022. Before service, she had the opportunity to settle the case but refused. For this reason, and others discussed below, The Logan Centers, Inc. ("The Logan Centers") believes it should not owe any fee. Nevertheless, it asks the Court to exercise its discretion consistent with the law in determining the issues presented.

After rejecting the offer to settle early, Ms. DePriest prematurely filed a motion for conditional certification, which was denied. On July 27, 2022, before discovery began, Counsel for The Logan Centers provided the payroll journals for the period involved demonstrating that Ms. DePriest billed in single digits, less than ten (10) hours, for several two-week pay periods; she billed twenty-five less than (25) hours or less in most of the rest of the two-week pay periods. Ms. DePriest's eclipsed a one-week total of twenty-five (25) hours billed, barely, in two workweeks. She did not challenge the billing records. She also did not amend her complaint to remove the several years of overtime and minimum wage claimed.

After achieving no concessions, The Logan Centers filed its Motion for Summary Judgment. Ms. DePriest for the first time asserted that she typically worked an additional forty-

five (45) hours per week beyond what she billed. In response to the Motion for Summary Judgment, Ms. DePriest only conceded the minimum wage claim.

On January 19, 2024, the Court granted Partial Summary Judgment for workweeks from March of 2020 to March of 2021 and March of 2021 to Ms. DePriest's end dates. The Court denied Summary Judgment from November 2018 to March of 2020. The Court observed that Ms. DePriest's estimates were "imprecise and at times inconsistent" (Doc. 34, p. 4). The Court found in part that "she has created disputed issues of material fact here." (Doc. 34, p. 3).

This left a dispute for trial for roughly fifteen (15) months of possible overtime. Discovery in this case was sparse. The costs of settling were less than the costs of trial. So, the parties reached an agreement on October 2, 2024 to pay $2,500.00, designating half of that amount of wages, and provided a Joint Notice of Liability Settlement.

## II. DISCUSSION

Abundant precedent addresses the issues with the rates and hours requests involved in matters like this. *See, e.g., Hill Smith v. Silver Dollar Cabaret*, 2020 W. L. 4741917, at *2 (W.D. Ark. Aug. 14, 2020). The Eight Circuit opines on the use of "low stakes" FLSA cases. *Oden v. Shane Smith Enters., Inc*. 27 F. 4th 631, 632 (8th Cir. 2022); *see Skender v. Eden Isle Corp*, 33 F. 4th 515, 523 (8th Cir. 2022).

A. <u>Objections to the Fee Request.</u>

The Logan Centers objects to the fee request in the context of what has transpired up to this point. The Logan Centers offered to settle this matter before the Complaint was served. As negotiations were ongoing in the *Carden v. The Logan Centers, Inc.* matter, The Logan Centers offered to include Ms. DePriest in the settlement discussions. On March 24, 2022, counsel for

Carden and DePriest refused, stating the matters should be negotiated separately.[1]  The Joint Notice of Liability Settlement in the *Carden* matter was filed on March 29, 2022.

With minimal discovery, including no depositions, Ms. DePriest, a part-time employee, maintained this case in spite of receiving documents directly contradicting her claims.  She did not even amend her Complaint for those weeks where her hours billed were single digits, or other weeks.  Ms. DePriest offered the forty-five (45) hour a week estimate for the first time after the Motion for Summary Judgment was filed.

Ms. DePriest takes issue with The Logan Centers not negotiating fees.  As Ms. DePriest interjects discussion of negotiations, she demanded significantly more by negotiation than is sought now, a fact she omits from her argument.  This, and other reasons articulated in this brief lead to The Logan Centers seeking the Court's determination of the issues presented here.

Returning to the billing and the lack of necessity of the merits litigation, the problems with billing begin with the Intake category referenced in Ms. DePriest's papers.  Multiple persons bill for review of intake information on March 4th, 11th, 14th, 15th, and 23rd of 2022.  This represents the kind of duplication that has been noted in other cases.

The Complaint preparation required 1.7 hours by Ms. Lowery and 0.3 by Mr. Sanford.  This Complaint reads like many others filed by the Sanford Law Firm.  At the same time, there is billing referencing a "second plaintiff", a "CTJ" (Consent to Join). While a consent to join was filed, the second plaintiff never materialized. The detail in Exhibit C to the Motion splits the second plaintiff into Case Management as well, particularly in May of 2022.

---

[1] A redacted e-mail of this conversation can be provided if needed.  The document is not included here because it involves settlement negotiations.

Ms. DePriest's summary lists $620.00 for a conditional certification that was denied as premature. DePriest never sought conditional certification after The Logan Centers timely appeared. The entries for conditional certification can be found between April 26th and 29th.

Ms. DePriest requests three (3) hours on damage calculations in September of 2023, long after she provided an estimate in response to the Motion for Summary Judgment. The calculation presumably included the workweeks with less than ten (10) hours billed and less than twenty-five (25) hours billed. Counsel has not located where such information was shared with it.

Plaintiff claims six (6) hours for responding to summary judgment, a motion that she largely lost.

Discovery for Ms. DePriest totaled 1.6 hours. The hours for the Fee Petition are almost double the hours for Discovery. The Value Claimed for the Fee Petition is more than quadruple the amount for Discovery. There are 2.7 hours claimed for the Fee Petition and $688.00, compared to $160.00 for Discovery. This is a single plaintiff case that was consequential enough only to result in limited discovery. Yet Ms. DePriest wants more for the Fee Petition than for any other category except Summary Judgment Response.

After it had offered to settle early, The Logan Centers provided the payroll journal information in July of 2022, before formal discovery began. No criticism is intended toward Mr. Ford, who was the primary point of contact during this time. Ms. DePriest denial of the early opportunity to settle simply reflected her desire to prolong the case.

After the partial denial of summary judgment, The Logan Centers was faced with the choice of either going to trial or paying this modest settlement, the economic reality of this circumstance. Low stakes cases like this produce that type of situation. *Oden v. Shane Smith*

*Enterprises*, 2020 W.L. 8073626, at *3 (E.D. Ark. Dec. 16, 2020, a*ff'd*, 27 F.4th 631 (8th Cir. 2022); *Bryan v. Mississippi County*, 2020 W.L. 9048650, at *1 (E.D. Ark. May 12, 2020). Ms. DePriest should not be awarded fees for the full number of hours claimed in these circumstances.

    B. The Lodestar Amounts

Ample case law documents the lodestar issues. *See Burton v. Nilkanth Pizza* 20 F. 4th 428, 431 (8th Cir. 2021), *Thomas v. Viskase Companies, Inc.,* 2022 W.L. 1477435 (E.D. Ark. May 10, 2022). In a previous case involving The Logan Centers, the Court awarded rates as follows: Josh Sanford $250 an hour, Sean Short $150 an hour, Rebecca Matlock, $100 an hour, paralegal, $75 an hour. *Carden v. The Logan Centers Inc* United States District Court Eastern District of Arkansas Case No. 3:19-CV-167-DPM, Doc. 117.[2] More recently, the Court in *Hallman v. Peco Foods* rejected the $383 rate claim by Mr. Sanford, instead referencing a $275 rate, and a rate of $200 for Mr. Short, and $100 for the paralegal. *Hallman v. Peco Foods* United States District Court, Eastern District of Arkansas Case No. 3:19-CV-368-DPM, Doc 186 (Ex. 1). In *Holmes v. Stetson Courier, Inc.*, the Court used a blended rate of $265 an hour for Mr. Sanford, $175 an hour for Mr. Ford, $170 an hour for Rebecca Matlock, and $100 for the paralegal. 2023 W.L. 8700971 (E.D. Ark. Dec. 15, 2023). The Logan Centers opposes a lodestar of $383 for Mr. Sanford.

Further, in *Skender*, 33 F.4th at 522, the Eighth Circuit was clear that: "[t]hough we have held that a court must calculate the lodestar, *see Vines*, 9 F.4th at 856, we've not held that a court must

---

[2] In *Bryan v. Mississippi Co.*, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020), this Court awarded these same hourly rates for attorneys Sanford ($250). This Court followed suit for Sanford in *Bailey v. Jefferson Co., Ark.*, 2021 WL 4849077, at *1 (E.D. Ark. Oct. 18, 2021). *See also Oden v. Shane Smith Enter.*, 2020 WL 8073626, at *2 (requesting hourly rate of $250 for attorney Sanford), *aff'd*, 27 F.4th 631 (8th Cir. 2022); and *Beasley v. Macuils Tire and Serv. Ctr., LLC*, No. 4:19-CV-00471-JM, Doc. 30, at 6 (E.D. Ark. Sept. 17, 2021) (awarding attorney hourly rates of $250 for Sanford, $175 for Kinney and Rauls, and $150 for Short). In *Ghess v. Kaid, et al.*, 2021 WL 3891561, at *4 (E.D. Ark. Aug. 31, 2021), and *Wright v. Tyler Tech., Inc*., 2021 WL 4255287, at *5 (E.D. Ark. Sept. 17, 2021), the Court awarded hourly rates of $243.75 for attorney Sanford and $168.75 for attorney Rauls based on 25% reductions.

deem the lodestar amount and then award it." The Logan Centers requests that the court consider the argument in this brief and reduce the lodestar rate.

### III. COSTS

Plaintiff seeks to recover $492.30 in costs for private process server fees. *Crues v. KFC* does not allow such. 768 F.2d 230, 234 (8th Cir. 1985). In *Carden*, the Court acknowledged that such were not recoverable as costs, but then moved those to the fee section, as it has done in other instances. The Court has refused to award the TLO charge ($35.80 here) in other instances. *Holmes v. Stetson Courier* at *2. Here service would have been unnecessary had counsel agreed to include Ms. DePriest in the *Carden* settlement.

### IV. CONCLUSION

The fees and costs in this case could have been avoided. While the parties reached a settlement, it was for nothing near what Ms. DePriest originally claimed. Most of the claims were denied by Summary Judgment and the case survived only by imprecise and inconsistent estimates. The categories requested and the lodestar requested exceed what has been granted in other cases. Further, The Logan Centers request the Court consider a further reduction of the lodestar under the circumstances.

Respectfully submitted,

Mark Mayfield (93180)
Jeffrey W. Puryear (93109)
PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Phone: (870) 932-0900
Facsimile: (870) 932-2553
mmayfield@pmmfirm.com
jpuryear@pmmfirm.com
*Attorneys for Defendant,*
*The Logan Centers, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send electronic notification of such filing to the following:

Mr. Josh Sanford
Mr. Daniel Ford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
daniel@sanfordlaw.com
*Attorneys for Plaintiff*

By: _____*Mark Mayfield*_____