IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CANDIE DEPRIEST, Individually and on
Behalf of All Others Similarly Situated                          PLAINTIFF

v.                           No. 3:22-cv-65-DPM

THE LOGAN CENTERS, INC.                                          DEFENDANT

## ORDER

The parties have settled the liability issues in this FLSA case. A dispute about attorney's fees and costs remains. Depriest's lawyers spent 59.7 hours on this case, for which they request $6,765 in attorney's fees and $894.30 in costs. Logan Centers opposes attorney's fees and challenges about half of the requested costs. The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).

The Court agrees with Logan Centers that the proposed rates are a tad high for this kind of work in the Eastern District of Arkansas. Here is the number of hours reasonably expended multiplied by a reasonable hourly rate:

| | | | | | |
|---|---|---|---|---|---|
| Josh Sanford | 2 hours | x | $275/hour | = | $550 |
| Rebecca Matlock | 7.7 hours | x | $250/hour | = | $1,925 |

| | | | |
|---|---|---|---|
| Daniel Ford | 3.3 hours × $200/hour | = | $660 |
| Sean Short | 8.4 hours × $200/hour | = | $1,680 |
| Courtney Lowery | 2.6 hours × $190/hour | = | $494 |
| Paralegal | 12.4 hours × $100/hour | = | $1,240 |
| | | | $6,549 |

The Court must make an additional reduction to arrive at a reasonable fee. *Hensley*, 461 U.S. at 434–37. Counsel's reductions are commendable; and their explanations are helpful. But Logan Centers is correct that Depriest conceded her minimum wage claims and mostly lost her remaining claims on summary judgment. *Doc. 34*. While she was the prevailing party, she only obtained a limited degree of success. *Hensley*, 461 U.S. at 436. Plus, Depriest could have piggybacked on the related case, but chose not to do so. That would have saved some time and effort. Fees related to conditional certification and consents are not recoverable because no group was certified. The Court will therefore award a reasonable attorney's fee of $5,239.20 — the $6,549 lodestar reduced by 20%.

The Court also awards a reduced amount in costs. Fed. R. Civ. P. 54(d)(1). The filing fee is recoverable. 28 U.S.C. § 1920(1). The private service fees are not. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). But service fees are routinely billed to clients in this District, and will be awarded as part of the fee. Here is the final award:

| | |
|---|---|
| Attorneys' Fees | $5,239.20 |
| Costs | $402 |

...

|  |  |
|---|---|
| Other Expenses | $492.30 |
| Total | $6,133.50 |

\* \* \*

Motion for attorney's fees and costs, *Doc. 50*, mostly granted and partly denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*18 March 2025*

-3-